```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ AUG 22 2005 ★
BROOKLYN OFFICE

------------------------------------------------------------x

SERGEI CHEPILKO,

           Plaintiff,

-against-                             MEMORANDUM AND ORDER
                                       05-CV-3541 (ARR)

CITY OF NEW YORK, "JOHN DOE"
OR "JANE DOE,"

           Defendants.

------------------------------------------------------------x

ROSS, United States District Judge:

Plaintiff, brings this action *pro se* pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs plaintiff to submit an amended complaint within 30 days of the date of this order as detailed below.

## Discussion

Plaintiff is a freelance photographer who sells his photographs on the Riegleman Boardwalk in Brooklyn. He alleges he was threatened with arrest by New York City police officers if he did not discontinue selling said photographs. Plaintiff was issued a summons for being an unlicensed general vendor. See Summons, annexed as Exhibit A to complaint. The state declined prosecution. Plaintiff alleges a violation of his First Amendment rights and seeks monetary damages.

In the mid-1990s, several artists challenged the City's requirement that they obtain a license before selling their work in public spaces. See Bery v. City of New York, 97 F.3d 689 (2d Cir. 1996). The Second Circuit held that painters, photographers and sculptors could not, under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, be prevented from displaying and selling their works in public spaces in the City without a general

vending license. Id at 698-99. However, the City "may enforce narrowly designed restrictions as to where appellants may exhibit their works in order to keep the sidewalks free of congestion and to ensure free and safe public passage on the streets." Id. at 697; Baker v. Peddlers Task Force, NO. 96 CIV. 9472, 1997 WL 756691 (S.D.N.Y. Dec. 5, 1997).

Here, plaintiff names only John and Jane Doe defendants in the caption of the complaint, however in the body of the complaint he alleges that specific Police Officers and Department of Parks employees were involved in the incident underlying his complaint. Accordingly, if plaintiff intends to names those individuals as defendants he must do so in the caption of the complaint. Moreover, plaintiff is responsible for identifying defendants so that they can be served within the statute of limitations. Soto v. Brooklyn Correctional Facility, 80 F.3d 34 (2d Cir. 1996).

## Conclusion

Plaintiff shall be afforded 30 days leave to file an amended complaint Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number of this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: August 18, 2005
Brooklyn, New York

2

Service List:

Sergei Chepilko
501 Surf Ave., Apt. 13A
Brooklyn, NY 11224