UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SERGEI CHEPILKO,

   Plaintiff,

 -against-

CITY OF NEW YORK, MICHAEL R.
BLOOMBERG, MAYOR; RAYMOND W.
KELLY, POLICE COMMISSIONER; ADRIAN
BENEPE, PARKS AND RECREATION
COMMISSIONER; POLICE OFFICER
MISERANDINO (SHIELD #933041); MICHAEL
SCHUSTER, PARKS DEPARTMENT
EMPLOYEE; "JOHN DOE" OR "JANE DOE"
IN THEIR OFFICIAL AND INDIVIDUAL
CAPACITIES

   Defendants.
-----------------------------------------------------------X

Not for Publication

MEMORANDUM AND ORDER
05-CV-3541 (ARR)

ROSS, United States District Judge:

  Plaintiff, brings this action *pro se* pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. By order dated August 18, 2005, this Court granted plaintiff's request to proceed *in forma pauperis* and directed plaintiff to file an amended complaint within 30 days which identifies the John and Jane Doe defendants that he names in the caption of his complaint. Plaintiff's amended complaint is hereby dismissed against defendants Mayor Michael Bloomberg, Police Commissioner Raymond Kelly, Parks Commissioner Adrian Benepe, and John or Jane Doe for the following reasons. The action shall proceed against the City of New York, Police Officer Miserandino, and Michael Schuster.

## Background

Plaintiff is a freelance photographer who sells his photographs on the Riegleman Boardwalk in Brooklyn. On April 24, 2004, plaintiff alleges that Michael Schuster, a Park's Department employee called the police on him. Amended complaint at 1, ¶ 6. Police Officer Miserandino responded, and allegedly threatened plaintiff with arrest if he did not discontinue selling said photographs. Plaintiff was issued a summons for being an unlicensed general vendor. See Summons, annexed as Exhibit A to amended complaint. The state declined prosecution. Plaintiff alleges a violation of his First Amendment rights and seeks monetary damages.

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

### Personal Involvement

42 U.S.C. § 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law. Because § 1983 imposes liability only upon those whose actions cause a deprivation of rights, as a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional

deprivation. Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Thus, a plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

However, a defendant supervisor is personally involved if he or she has (1) directly participated in the infraction, (2) failed to remedy the wrong after learning of the violation, (3) created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue, (4) was grossly negligent in managing subordinates who caused the unlawful condition or event, or (5) exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring. Colon v. Smith, 58 F.3d 865, 873 (2d Cir. 1995); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). Liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983. Blyden, 186 F.3d at 264; see also Monell v. Dept of Social Servs., 436 U.S. 658, 692-95 (1978).

The present complaint fails to allege facts demonstrating that defendants Bloomberg, Kelly or Benepe had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. While defendants Kelly and Benape hold supervisory positions within the New York City Police Department and the New York City Department of Parks and Recreation, plaintiff fails to allege facts to demonstrate their personal involvement. Similarly, plaintiff has not established the personal involvement of Mayor Bloomberg. Accordingly, plaintiff's claims against Mayor Michael Bloomberg, Police Commissioner Raymond W. Kelly, and Commissioner Adrian Benepe are dismissed for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B).

Moreover, in the Court's order dated August 18, 2005, plaintiff was directed to identify the John and Jane Doe defendants who were involved in the incident underlying his complaint. Plaintiff has done so, nevertheless he still includes John and Jane Doe defendants in the caption of the amended complaint. Plaintiff fails to put forward any allegations against these defendants. Accordingly, the complaint is dismissed as to the John and Jane Doe defendants. 28 U.S.C. § 1915 (e)(2)(B).

## Conclusion

The complaint against defendants Mayor Michael Bloomberg, Police Commissioner Raymond W. Kelly, Commissioner Adrian Benepe, and John and Jane Doe defendants fails to state a claim upon which relief may be granted and therefore is dismissed. 28 U.S.C. § 1915 (e)(2)(B). The Clerk of Court shall note on the docket that Mayor Michael Bloomberg, Police Commissioner Raymond W. Kelly, Commissioner Adrian Benepe, and John and Jane Doe defendants are terminated from this action.

The United States Marshal Service is directed to serve the summons, original and amended complaints and the Court's Order dated August 18, 2005 and the instant Order upon defendants Police Officer Miserandino, New York City Department of Parks and Recreation employee Michael Schuster, and Corporation Counsel of the City of New York, without prepayment of fees. This case is referred to Magistrate Judge Lois Bloom for all pretrial proceedings.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
October 28, 2005